**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC., ) <br> 425 Third Street, S.W., Suite 800 ) <br> Washington, DC 20024, ) <br>    ) <br> Plaintiff, ) <br>    ) <br> v. ) <br>    ) <br> CENTRAL INTELLIGENCE AGENCY ) <br> Office of General Counsel ) <br> Washington, DC 20505, ) <br>    ) <br> Defendant. ) <br> _____) | Civil Action No. |

**COMPLAINT**

Plaintiff Judicial Watch, Inc. brings this action against Defendant Central Intelligence Agency to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street S.W., Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff

analyzes agencies' responses to its requests and disseminates both its findings and the requested records to the public to inform them about "what their government is up to."

4. Defendant Central Intelligence Agency ("CIA") is an agency of the U.S. Government and is headquartered in Langley, Virginia. The CIA has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On February 12, 2018, Plaintiff submitted a FOIA request to the CIA, via certified mail, seeking access to the following:

1. Any and all records of correspondence and communications, including but not limited to letters, emails, text messages, and instant chats, between former CIA Director John Brennan and/or officials in the CIA Director's Office on the one hand, and Senator Harry Reid and/or members of Senator Reid's staff on the other hand, regarding, concerning or relating to the Christopher Steele "dossier" and/or alleged "collusion" between the Trump presidential campaign and Russia.
2. Copies of any reports, memoranda or other materials provided to Senator Reid and/or members of his staff by the CIA relating to alleged Russian "collusion" or cooperation between the Trump presidential campaign and Russia.
3. Any and all materials, including but not limited to briefing reports and memos, audio/video presentations, PowerPoint presentations and any other records, used by CIA Director Brennan and/or other CIA officials to brief Senator Reid and/or members of his staff on alleged "collusion" between the Trump presidential campaign and Russia.
4. Any and all notes, minutes, transcripts, and audio and/or visual recordings made of any and all briefings provided by the CIA to Senator Reid and/or members of his staff regarding alleged "collusion" between the Trump presidential campaign and Russia.

The time frame for the requested records was identified as "June 1, 2016 through January 20, 2017."

6. By letter dated February 26, 2018, the CIA acknowledged receipt of Plaintiff's request on February 22, 2017 (*sic*)[1] and advised Plaintiff that its request has been assigned Reference Number F-2018-00982.

7. As of the date of this Complaint, the CIA has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

8. Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

9. Defendant is violating FOIA by failing to search for and produce all records responsive to Plaintiff's request or demonstrate that the requested records are lawfully exempt from production.

10. Plaintiff is being irreparably harmed by reason of Defendant's violations of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

11. To trigger FOIA's administrative exhaustion requirement, Defendant is required to determine whether to comply with Plaintiff's requests within twenty (20) working days of receipt. At the latest, the CIA's determination was due by March 22, 2018. At a minimum, Defendant was required to: (i) gather and review the requested documents; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant intended to produce or

---

[1] Plaintiff's request was submitted to the CIA via certified mail, receipt # 7017 2620 0000 9255 2518, and was received, according to U.S. Postal Service records, on February 20, 2018. The year 2017 noted in the CIA's date of receipt in its February 26, 2018 acknowledgment letter appears to be a clerical error.

withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.  *See*, *e.g.*, *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

12. Because Defendant failed to make a determination with respect to Plaintiff's request within the time period required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.   5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably calculated to uncover all records responsive to the requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:   June 25, 2018

Respectfully submitted,

*/s/ Lauren M. Burke*
Lauren M. Burke
D.C. Bar No. 1028811
JUDICIAL WATCH, INC.
425 Third Street S.W., Suite 800
Washington, DC 20024
(202) 646-5172

*Counsel for Plaintiff*